UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| R&R IP INVESTMENTS, LLC a Delaware limited liability company,<br><br>               Plaintiff,<br><br>vs.<br><br>AMERICAN IRON WORKS, an Oklahoma for profit business corporation; and DOES 1-50.<br><br>               Defendants. | Case No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR TRIAL BY JURY** |

**COMPLAINT**

1.    Plaintiff files this Complaint against the above-named Defendant for infringement of U.S. Patent Nos. 9,890,890, 9,920,870, 10,247,346, 10,415,736, 10,907,758, 11,536,410 (collectively the "Patents"), attached as Exhibits 1-6. Defendant has been, and is currently, making, using, importing, selling, leasing, renting, re-selling, offering for sale and/or configuring pipe safety restraint systems, and/or providing safety restraint services, that infringe multiple claims of the Patents. Claim charts illustrating Defendant's infringement, indument of infringement and/or contributory infringement are provided in Exhibits 7-12.

**PARTIES**

2.    Plaintiff R&R IP Investments, LLC ("R&R" or "Plaintiff") is a Delaware limited liability company with its primary offices in Carmichaels PA. R&R is the Assignee

of all rights in Patents, including the right to sue for past and present damages accruing that were caused and are being caused by Defendant's infringement.

3. On information and belief, Defendant American Iron Works is a for profit business corporation organized under the laws of the state of Oklahoma, and with a principal place of business in Oklahoma.

4. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were actually and proximately caused by their conduct.

5. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each defendant was the agent, servant, authorized representative, predecessor, successor, co-conspirator, employer and/or employee of each co-defendant, and in doing the things and acts herein alleged, was acting within the course and scope of said relationship(s); and further, that each defendant has ratified and/or endorsed the acts of each remaining co-defendant

## JURISDICTION AND VENUE

6. Jurisdiction and venue is proper in this District under 28 U.S.C. § 1400(b) and 35 U.S. Code § 271 because Defendant, an Oklahoma corporation, both has a regular and established place of business and commits acts of patent infringement in this District.

## BACKGROUND

7. Plaintiff is the assignee of a rights U.S. Patent Nos. 9,890,890, 9,920,870, 10,247,346, 10,415,736, 10,907,758, 11,536,410 (collectively the "Patents"), including the

right to sue for current and past damages for infringement thereof, true and correct copies of which are attached Exhibits 1-6.  Each of the Patents are valid, enforceable, and remain in full effect.

8. It has come to Plaintiff's attention that Defendant is currently making, using, importing, selling, leasing, renting, re-selling offering for sale and/or configuring pipe safety restraint systems, and/or providing safety restraint services, that infringe multiple claims of the Patents.  Claim charts illustrating Defendant's infringement, indument of infringement and/or contributory infringement are provided in Exhibits 7-12.

9. Defendant's infringing products and services directly compete with Plaintiff's sales of products and services, causing Plaintiff to suffer lost profits.  This includes lost sales of the patented product Plaintiff sells and leases to customers, and lost convoyed sales of other related products and services. In many instances, Plaintiff has been informed by customers that they have purchased (infringing) products from Defendant and therefore do not need Plaintiff's products. It is clear that, but for the infringement of the Patents by Defendant, Plaintiff would have sold, leased or provided services regarding Plaintiff's own pipe safety restraint components and/or systems, together with convoyed sales of related products and services to those customers.

10. Plaintiff is informed and believes that Defendant has been long aware of the Patents, and chose to sell products that it knows infringe the Patents.

11. Defendant has further posted advertisements and instructional videos on Youtube.com, with embedded links on its website to those Youtube.com videos, which provide instructions on how to configure the infringing products, inducing customers to

configure the products sold by Defendant so as to infringe the Patents. Defendant makes it clear in its videos and on its website that the correct and best way to use the infringing products are in ways that continue to infringe the patents throughout the products' lifetime. (See Exhibit 13):



12. If left to continue its infringing sales and activities, Defendant will continue to cause damage to Plaintiff.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,890,890

13. Plaintiff incorporates by reference each of the allegations in the above paragraphs and further alleges as follows:

14. Claims for patent infringement arise, inter alia, under 35 U.S.C. §§ 271 (infringement), and 281-285 (remedies for infringement). In contravention of Plaintiff's rights under the U.S. Patent No. 9,890,890 (the "'890 Patent"), Defendant has made, used,

imported, sold, leased, rented, resold, offered to sell and/or configured pipe safety restraint systems, and/or provided safety restraint services, that infringe the '890 Patent.

15. Defendants further induced infringement of, and/or contributed to ongoing infringement of, the '890 Patent.

16. Defendants' actions have been willful. Defendants knew that Plaintiff's pipe safety restraint systems were patented. Nevertheless, Defendant proceeded to infringe infringing products without offering or making any payment to Plaintiffs.

17. Plaintiff has been damaged by Defendant's infringement of the '890 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,920,870

18. Plaintiff incorporates by reference each of the allegations in the above paragraphs and further alleges as follows:

19. Claims for patent infringement arise, inter alia, under 35 U.S.C. §§ 271 (infringement), and 281-285 (remedies for infringement). In contravention of Plaintiff's rights under the U.S. Patent No. 9,920,870 (the "'870 Patent"), Defendant has made, used, imported, sold, leased, rented, resold, offered to sell and/or configured pipe safety restraint systems, and/or provided safety restraint services, that infringe the '870 Patent.

20. Defendants further induced infringement of, and/or contributed to ongoing infringement of, the '870 Patent.

21. Plaintiff seeks damages and injunctive relief related to Defendant's direct,

indirect, and willful infringement of the '870 Patent.

22. Defendants' actions have been willful. Defendants knew that Plaintiff's pipe safety restraint systems were patented. Nevertheless, Defendant proceeded to infringe infringing products without offering or making any payment to Plaintiffs.

23. Plaintiff has been damaged by Defendant's infringement of the '870 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 10,247,346

24. Plaintiff incorporates by reference each of the allegations in the above paragraphs and further alleges as follows:

25. Claims for patent infringement arise, inter alia, under 35 U.S.C. §§ 271 (infringement), and 281-285 (remedies for infringement). In contravention of Plaintiff's rights under the U.S. Patent No. 10,247,346 (the "'346 Patent"), Defendant has imported, sold, leased, rented, resold, offered to sell and/or configured pipe safety restraint systems, and/or provided safety restraint services, that infringe the '870 Patent.

26. Defendants further induced infringement of, and/or contributed to ongoing infringement of, the '346 Patent.

27. Plaintiff seeks damages and injunctive relief related to Defendant's direct, indirect, and willful infringement of the '346 Patent.

28. Defendants' actions have been willful. Defendants knew that Plaintiff's pipe safety restraint systems were patented. Nevertheless, Defendant proceeded to infringe

infringing products without offering or making any payment to Plaintiffs.

29. Plaintiff has been damaged by Defendant's infringement of the '346 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 10,415,736

30. Plaintiff incorporates by reference each of the allegations in the above paragraphs and further alleges as follows:

31. Claims for patent infringement arise, inter alia, under 35 U.S.C. §§ 271 (infringement), and 281-285 (remedies for infringement). In contravention of Plaintiff's rights under the U.S. Patent No. 10,415,736 (the "'736 Patent"), Defendant has made, used, imported, sold, leased, rented, resold, offered to sell and/or configured pipe safety restraint systems, and/or provided safety restraint services, that infringe the '870 Patent.

32. Defendants further induced infringement of, and/or contributed to ongoing infringement of, the '736 Patent.

33. Plaintiff seeks damages and injunctive relief related to Defendant's direct, indirect, and willful infringement of the '736 Patent.

34. Defendants' actions have been willful. Defendants knew that Plaintiff's pipe safety restraint systems were patented. Nevertheless, Defendant proceeded to infringe infringing products without offering or making any payment to Plaintiffs.

35. Plaintiff has been damaged by Defendant's infringement of the '736 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty

damages.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 10,907,758

36. Plaintiff incorporates by reference each of the allegations in the above paragraphs and further alleges as follows:

37. Claims for patent infringement arise, inter alia, under 35 U.S.C. §§ 271 (infringement), and 281-285 (remedies for infringement). In contravention of Plaintiff's rights under the U.S. Patent No. 10,907,758 (the "'758 Patent"), Defendant has made, used, imported, sold, leased, rented, resold, offered to sell and/or configured pipe safety restraint systems, and/or provided safety restraint services, that infringe the '758 Patent.

38. Defendants further induced infringement of, and/or contributed to ongoing infringement of, the '758 Patent.

39. Plaintiff seeks damages and injunctive relief related to Defendant's direct, indirect, and willful infringement of the '758 Patent.

40. Defendants' actions have been willful. Defendants knew that Plaintiff's pipe safety restraint systems were patented. Nevertheless, Defendant proceeded to infringe infringing products without offering or making any payment to Plaintiffs.

41. Plaintiff has been damaged by Defendant's infringement of the '758 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 11,536,410

42. Plaintiff incorporates by reference each of the allegations in the above

paragraphs and further alleges as follows:

43. Claims for patent infringement arise, inter alia, under 35 U.S.C. §§ 271 (infringement), and 281-285 (remedies for infringement). In contravention of Plaintiff's rights under the U.S. Patent No. 11,536,410 (the "'410 Patent"), Defendant has made, used, imported, sold, leased, rented, resold, offered to sell and/or configured pipe safety restraint systems, and/or provided safety restraint services, that infringe the '410 Patent.

44. Defendants further induced infringement of, and/or contributed to ongoing infringement of, the '410 Patent.

45. Plaintiff seeks damages and injunctive relief related to Defendant's direct, indirect, and willful infringement of the '410 Patent.

46. Defendants' actions have been willful. Defendants knew that Plaintiff's pipe safety restraint systems were patented. Nevertheless, Defendant proceeded to infringe infringing products without offering or making any payment to Plaintiffs.

47. Plaintiff has been damaged by Defendant's infringement of the '410 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## PRAYER FOR RELIEF

48. WHEREFORE, Plaintiff prays for judgment against Defendant as follows and for the following relief:

   a. That Defendant is held to have infringed the Patents.

   b. That Defendant, its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation

with them, or any of them, be temporarily and preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from infringing, contributing to the infringement of, and inducing infringement of the Patents, and specifically from directly or indirectly making, using, selling, importing, or offering for sale, any products or services embodying the inventions of the Patents during the life of the Patents, without the express written authority of Plaintiff.

c. That Defendant is directed to fully compensate Plaintiff for all damages attributable to Defendant's infringement of the Patents in an amount according to proof at trial.

d. That Defendant is to provide an accounting and to pay supplemental damages to Plaintiff, including, without limitation, prejudgment and post-judgment interest;

e. That Defendant's infringement is willful and enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284;

f. That this case is exceptional under 35 U.S.C. § 285, and award of Plaintiff's reasonable attorney's fees and costs; and

g. That any and all other relief is awarded to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

DATED: December 30, 2025        Respectfully submitted,

                                              By:   s/Gary W. Wood
                                                    Gary W. Wood, OBA No. 16365
                                                    RIGGS, ABNEY, NEAL, TURPEN
                                                        ORBISON & LEWIS
                                                    528 NW 12th Street
                                                    Oklahoma City, OK 73103
                                                    Phone:  (405) 843-9909
                                                    Fax:      (405) 842-2913
                                                    Email:   gwood@riggsabney.com

                                                    *Attorneys for Plaintiff*
                                                    *R&R IP Investments, LLC*